___ FILED  ✗ LODGED
___ RECEIVED ___ COPY

SEP 0 5 2000

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✗ FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 1 1 2000

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ARIZONA

Securities and Exchange Commission,

    Plaintiff,

v.

Thor Equity Group, LLC and
George E. Mahfouz, Jr.,

    Defendants.

CIV '00 1699 PHX VAM
Civil Action No.

# FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION AS TO DEFENDANTS THOR EQUITY AND MAHFOUZ

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), there having been no trial of this matter and no findings regarding the allegations contained in the Complaint; Defendants Thor Equity Group, LLC, and George E. Mahfouz, Jr., having acknowledged in the Consent filed herein, receipt of the Complaint filed in this matter, having waived service of the Summons and Complaint; having admitted in the *in personam* jurisdiction of this Court, and the jurisdiction of this Court over the subject matter of this action; having waived the entry of Findings of Fact and Conclusions of Law under Rule 52 of the Federal Rules of Civil Procedure with respect to the entry of this Order of Permanent Injunction; having agreed, for purposes of this action only, without admitting or denying any of the allegations of the Commission's Complaint, except as expressly



set forth herein, to the entry of this Order that:: (1) enjoins Mahfouz and Thor Equity from engaging in transactions, acts, practices and courses of business which constitute and would constitute violations of 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder; (2) orders Mahfouz to disgorge $180,038.51 representing illicit trading profits in his sale of 351,050 shares of CancerOption.com, Inc. ("CancerOption") common stock between July 1, 1999 and February 1, 2000, plus prejudgment interest thereon, representing his illicit trading profits from certain transactions in CancerOption common stock from July 1, 1999 through February 1, 2000 as alleged in the Complaint; (3) orders Mahfouz to pay a civil penalty totaling $50,000; and (4) does not impose a civil penalty against Thor Equity based upon its demonstrated inability to pay such penalty. It further appearing that this Court has jurisdiction over Mahfouz and Thor Equity that no further notice of hearing for the entry of this Order need be given; the Court being fully advised in the premises, and no just reason for delay appearing:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants Thor Equity and Mahfouz, their affiliates, nominees, agents, officers, directors, employees, servants, successors, attorneys, assigns, corporations, and other person or entities under their control, and those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them in their respective

2

capacities when acting for or with Mahfouz, be and hereby are permanently restrained and enjoined from, directly or indirectly violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to:

    a.    employ any device, scheme, or artifice to defraud;

    b.    make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c.    engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

II.

IT IS ORDERED, ADJUDGED AND DECREED that Mahfouz shall pay within 60 days of the date of this Order disgorgement totaling $180,038.51, prejudgment interest on the disgorgement in the amount of $11,344.43 and a civil money penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in the amount of $50,000 to the United States Treasury. Such payments shall be (1) made by United States postal money order, certified check, bank

3

cashier's check or bank money order; (2) made payable to the Securities and Exchange Commission; (3) hand-delivered or mailed to the Office of the Comptroller, U.S. Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (4) submitted under cover letter which identifies Mahfouz as the Defendant in this action and the file number of the action, a copy of which cover letter and money order or check shall be sent to Katherine S. Addleman, Central Regional Office, Securities and Exchange Commission, 1801 California St., Suite 4800, Denver, Colorado 80202.

### III.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that based upon Thor Equity's sworn representations in its Statements of Financial Condition, the Court is not ordering Thor Equity to pay civil penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The determination not to impose civil penalties is contingent upon the accuracy and completeness of such Statement of Financial Condition.

### IV.

If at any time following the entry of this Final Order the Commission obtains information indicating that Thor Equity's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Thor Equity, petition this Court for an order imposing a civil penalty. In connection with

any such petition, the only issues shall be whether the financial information provided by Thor Equity was fraudulent, misleading, or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Thor Equity to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Order, and the Commission may also request additional discovery. Thor Equity may not, by way of defense to such petition, challenge the validity of the Consent or the Final Order, contest the allegations in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## V.

IT IS ORDERED ADJUDGED and DECREED that this Court shall retain jurisdiction of this action for all purposes.

## VI.

This Order shall be binding on Defendants Thor Equity and Mahfouz and upon those persons in active concert or participation with them who receive actual notice of the Order, a copy of which may be served in person, by mail, or by any officer of the Commission.

## VII.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Order of Permanent Injunction pursuant to Rule 54 of the Federal Rules of Civil Procedure.

DATED this ___7___ day of September, 2000.

*[signature]*
United States District Judge

Presented by:

*[signature]*
Katherine S. Addleman
Attorney for Plaintiff
U.S. Securities and Exchange Commission
1801 California Street, 48th Floor
Denver, CO 80202
Telephone: 303-844-1070

6